UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOLYNN W.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C23-5602-BAT

**ORDER REVERSING THE COMMISIONER'S FINAL DECISION**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erroneously discounted the medical opinions of two state agency consultants and consequently incorrectly assessed she could perform light work instead of sedentary work. Dkt. 9. The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1976, has at least a high school education, and has past work as an account information clerk, administrative clerk, travel clerk, and security guard. Tr. 31. Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on December 9, 2019, alleging disability beginning August 30, 2019. Tr. 225. The claims were denied initially and on reconsideration, and Plaintiff requested a hearing. Tr. 131-32. After the

ORDER REVERSING THE COMMISIONER'S FINAL DECISION - 1

ALJ conducted a hearing on May 31, 2022, the ALJ issued a decision finding Plaintiff not disabled. Tr. 12-39.

Utilizing the five-step disability evaluation process,[1] the ALJ found Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations:

> She can lift and/or carry 10 pounds occasionally and frequently; must be provided a sit/stand at will option at work; cannot perform overhead reaching; can frequently reach at or below shoulder level; can frequently perform handling and fingering; can occasionally stoop; cannot crouch, crawl, kneel, or climb; is able to remember, understand, and carry out simple and routine instructions and tasks consistent with the learning and training requirements of SVP level one and two jobs; can have no contact with the public; is capable of working in proximity to but not in coordination with co-workers; and can have occasional contact with supervisors.

The ALJ found Plaintiff not disabled because there are jobs that exist in significant numbers in the national economy she can perform. Tr. 32-33. The Appeals Council declined review, making the ALJ's decision the Commissioner's final decision. Tr. 1-6.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court may not reverse the ALJ's decision if an error is harmless. *Id*. at 1111. The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v.*

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

*Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The ALJ reviewed opinions from state agency medical consultants Mark Magdaleno, M.D., and Norman Staley, M.D., and found them "somewhat persuasive" as to limitations resulting from Plaintiff's impairments and effects of pain. Tr. 27. But the ALJ found other assessed limitations unsupported and inconsistent with the record. Specifically, the ALJ determined limiting Plaintiff to light work with decreased lifting and carrying and a sit/stand option was more consistent with Plaintiff's normal gait and negative straight leg raise tests, as well as her activities, specifically, walking a mile, running, and rock climbing. *Id*.

Plaintiff contends the ALJ erred because: (1) the ALJ generalized Plaintiff had normal gait and negative straight leg raise but ignored numerous examples of abnormal gait and positive straight leg raise tests throughout the record; and (2) the ALJ found Plaintiff's activities of daily living inconsistent with the opined limitations, but the activities were misevaluated and are consistent with limiting Plaintiff to sedentary work. Dkt. 9 at 5-6.

As a preliminary matter, Plaintiff mistakenly contends the agency consultants found she can only meet sedentary work requirements; the record shows the consultants made specific findings as to limitations in various categories without making an overall determination on her physical exertion capabilities. Tr. 75-106. Nonetheless, the consultants opined Plaintiff could stand and/or walk (with normal breaks) for a total of two hours and sit (with normal breaks) for a total of around six hours in an eight-hour workday. Tr. 81, 91, 100, 106. The ALJ

accommodated most of the limitations the consultants assessed but found Plaintiff had greater ability to stand and/or walk during the workday than the consultants assessed.

However, as Plaintiff argues, there are numerous examples of positive straight leg raise and abnormal gait clinical findings the ALJ failed to consider: (1) in November 2017, "straight leg raise (+) on the right for numbness and tingling at 50 degrees in the glute and hamstrings;" (2) in March 2018, "straight leg raise: positive on the right at 70% for low back pain;" (3) in May 2018, "straight leg raise: positive on the right at 60 degrees with pain in the low back and numbness in her right ankle and foot;" (4) in early July 2018, "ambulated with slow gait to room 12;" (5) in late July 2018, "straight leg raise: positive on the right at 60 degrees with pain in the low back and into the right glute as well as numbness in her right ankle and foot, positive on the left at 55 degrees for low back pain and pain into the right glute and right foot numbness;" (6) in March 2019, "straight leg raising sign is equivocal;" (7) in October 2019, "positive straight leg raise on the right;" (8) in November 2019, "straight leg raise positive on the RLE, R hip range of motion limited by pain;" (9) in February 2020, "bilateral straight leg raise positive, right worse than left;" and (10) in July 2020, over the course of one hour total time spent walking, Plaintiff "was able to demonstrate walking with a gait that became mildly antalgic over the duration of testing."  Tr. 2377, 2446, 2510, 2526, 2566, 2722, 2742, 2750, 2755, 3114.  Substantial evidence thus does not support the ALJ's finding that the medical record is inconsistent with the consultants' opinions.

The ALJ also found Plaintiff's activities, specifically, walking a mile, running, and rock climbing, inconsistent with limiting Plaintiff to sedentary work.  But none of these activities show Plaintiff has greater standing and/or walking abilities than assessed.  There is nothing inconsistent with Plaintiff walking a mile and limiting her to sedentary work.  That is, someone

walking their dog no more than one mile a day, with occasional breaks, is consistent with sedentary work. The regulations for sedentary work do not require that a person cannot walk. Rather, the regulations state "although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a), 416.967(a).

The Commissioner contends Plaintiff's argument is insufficient because she does not cite to any evidence that she walked at a pace of two miles per hour or that such a speed is below normal walking speed. Dkt. 15 at 5-6. While the Commissioner is correct about Plaintiff asserting a pace that is not reflected in the record, the record still shows she "walks her dog 1 mi per day, [and] sometimes has to stop her walk short." Tr. 920. And walking a maximum of one mile a day, with no time frame and the need to frequently rest, is consistent with sedentary work requirements.

As to Plaintiff's other activities, the ALJ relies on one instance of Plaintiff getting injured while "climbing on some rocks" and another instance when she was injured "running on a rock beach." Tr. 841, 896. The Commissioner argues "these activities support the inference that despite claiming debilitating back pain, Plaintiff had the capacity to run and climb. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (An ALJ may draw reasonable inferences from evidence of activities that contradict claims of a debilitating impairment)." Dkt. 15 at 6. In *Molina*, the ALJ found Plaintiff's claims of being incapable of being around people without debilitating panic attacks were undermined by her activities, including taking her grandkids to and from school, attending church, shopping, and going on walks. *Id*. The Court affirmed the ALJ because these activities involved human interaction analogous to her past relevant work. *Id*. But here, neither activity includes information in the record about the frequency or length with

which Plaintiff was rock climbing or running. And Plaintiff was injured during both cited examples, which indicates that she is unable to do those activities at a level analogous to her ability to work.

For these reasons, the Court finds substantial evidence does not support the ALJ's reasons for rejecting the limitations opined by the challenged opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Dr. Magdaleno and Dr. Staley, develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 26th day of December, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge